UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

FRED NEKOUEE, Individually,                    :
                                               :
          Plaintiff,                           :
                                               :   Case No.
vs.                                            :
                                               :
GRAND SLAM INVESTORS, LLC,                     :
a Missouri Limited Liability Company,          :
                                               :
          Defendant.                           :
_____/

## COMPLAINT
(Injunctive Relief Demanded)

PLAINTIFF, FRED NEKOUEE, individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, GRAND SLAM INVESTORS, LLC, a Missouri Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.      Plaintiff, Fred Nekouee, is an individual who resides in Marietta, GA, in the County of Cobb.

2.      Defendant's property, DENNY'S, is located at 12319 Dorsett Road, Maryland Heights, MO 63043, in the County of St. Louis.

3.      Venue is properly located in the Eastern District of Missouri because venue lies in the judicial district of the property situs.   The Defendant's property is located in and does business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

5.      Plaintiff Fred Nekouee is a Georgia resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Fred Nekouee has progressive multiple sclerosis and requires the use of a wheelchair for mobility.  Mr. Nekouee travels to Missouri every three to six months to accompany his brother at heavy equipment auctions, where his brother buys and later sells the heavy equipment.  Fred Nekouee has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access that the Plaintiff encountered at the property have endangered his safety, impaired his ability to park a vehicle, impaired his ability to access the property, and have impaired his use of the restroom in the DENNY'S.

6.      Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as DENNY'S, and is located at 12319 Dorsett Road, Maryland Heights, MO   63043.

7.      Fred Nekouee has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this

property as described but not necessarily limited to the allegations in paragraph 9 of this complaint.   Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.   Fred Nekouee desires to visit DENNY'S not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8.      The Defendant has discriminated against the individual by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

9.      The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A preliminary inspection of DENNY'S has shown that violations exist.   The violations that Fred Nekouee personally encountered or observed include, but are not limited to:

### PARKING AND ACCESSIBLE ROUTE

a.      In the parking lot, there are no parking spaces for disabled patrons with van accessible signage as required by Federal Law 2010 ADAAG §§ 703.7.2.1 and 502.6.

b.      Van accessible parking space width is 96 inches less than 132 inches (3350 mm), the minimum required by the ADAAG §502.3 when the access isle width is 60 inches.

       c.      Wheelchair accessible parking space width is 92 inches, less than the 96 inches (2440 mm) minimum required by the ADAAG §502.3 when the access isle width is 60 inches.

       d.      In the parking lot, the parking space for disabled patrons has excessive running slope, as high as 1:20.4 (4.9%), which is higher than the allowed 1:48 (2%)  slope, in violation of Federal Law 2010 ADAAG §502.4.

       e.      In the parking lot, the parking space for disabled patrons has excessive cross slope, as high as 1:26.3 (3.8%), which is higher than the allowed 1:48 (2%)  slope, in violation of Federal Law 2010 ADAAG §502.4.

       f.      In the parking lot, the change in elevation in the parking space for disabled patrons is greater than 0.5 inches and in violation of Federal Law 2010 ADAAG §§ 502.4 and 303.3.

       g.      In the parking lot, the running slope of the access aisle serving the disabled parking spaces is 1:32.3 (3.1%), which exceeds the allowed slope of 1:48 (2%) in violation of Federal Law 2010 ADAAG § 502.4.

       h.      In the parking lot, the cross slope of the access aisle serving the disabled parking spaces is 1:31.3 (3.2%), which exceeds the 1:48 (2%) in violation of Federal Law 2010 ADAAG § 502.4.

       i.      The running slope of the walking surface is 1:14.7 (6.8%) and more than 1:20 (5%) in violation of Federal Law 2010 ADAAG § 403.3.

       j.      The cross slope of the walking surface is 1:25.6 (3.9%) and exceeds 1:48 (2%) in violation of Federal Law 2010 ADAAG § 403.3.

       k.      The slope of the surface within the entrance door required maneuvering space of 60 inches is 1:18.9 (5.3%) which exceeds the maximum allowed slope of 1:48 (2%) within the door maneuvering space as required by the Federal Law 2010 ADAAG § 404.2.4.4.

**FOOD SERVICE AREA AND DOOR**

       l.      Door force needed to open the restaurant door is 12 pounds

which exceeds the maximum allowed force of 5 pounds (22.2 N) which is the maximum force pertaining to the continuous application of force necessary to fully open a door as required by Federal Law 2010 ADAAG § 404.2.9.

**MEN'S RESTROOM**

m.      Door force needed to open the restroom door is 7 pounds which exceeds the maximum allowed force of 5 pounds (22.2 N) which is the maximum force pertaining to the continuous application of force necessary to fully open a door as required by Federal Law 2010 ADAAG § 404.2.9.

n.      The restroom door clear wall space is 2 inches, and less than the 18 inches which is the minimum maneuver clearance on the pull side of the restroom door as required by Federal Law 2010 ADAAG § 404.2.4.

o.      The standard stall of 60" × 60" does not exist, the existing stall width is 44 inches and does not provide the required clear floor spacing and turning space which is in violation of Federal Law 2010 ADAAG Sections §§§ 304.3; 305 and 304.3.

p.      The rear grab wall only extends 18.5 inches and 17.5 inches from the centerline of the water closet and does not extend the minimum of 12 inches (305 mm) on one side and 24 inches (610 mm) on the other side which is in violation of Federal Law 2010 ADAAG §§604.5.2.

q.      The side wall grab bar length is 36 inches and less than 42 inches (1065 mm) long which is the minimum as required by Federal Law 2010 ADAAG § 604.5.1.

r.      The side wall grab bar only extends 42 inches from the rear wall and does not extend the minimum of 54 inches (1370 mm) minimum from the rear wall which is in violation of Federal Law 2010 ADAAG § 604.5.1.

s.      The toilet paper dispenser is outside the reach range; the dispenser centerline is 4 inches from the front of the water closet and not between 7 inches minimum and 9 inches maximum , which is in violation of Federal Law 2010 ADAAG § 604.7.

   t.  The distance from the toilet centerline to the side wall is 21.5 inches where the distance shall be 16 inches (405 mm) minimum and 18 inches (455 mm) maximum from the side wall which violates Federal Law 2010 ADAAG § 604.2.

   u.  The paper towel dispenser outlet is 53 inches above the floor, outside the reach range of individual in wheelchair, minimum of 15 inches (380 mm) maximum of 48 inches (1220 mm), in violation of Federal Law 2010 ADAAG §§ 604.2, 604.7.

   v.  The bottom edge of the mirror's reflecting surface is 45 inches above the finished floor which is higher than the maximum allowed height of 40 inches to permit an individual in a wheelchair to use the mirror, which violates the Federal Law 2010 ADAAG § 603.3.

   w.  The lavatory sink does not have the clear floor or ground space, and the space underneath is blocked by trash bin and the knee and toe clearance is not provided as required by ADAAG §§ 305, 306.2.3.

   x.  The lavatory pipes under the sink are not insulated as required by Federal Law 2010 ADAAG §§ 606.3 and 606.5.

   y.  The water closet or toilet does not have the flush control mounted on the open and wide side of the clear floor space, in violation of Federal Law 2010 ADAAG §§ 404.2.7, 604.2, 604.7.

   z.  The urinal rim is 19 inches high above the finish floor in violation of federal law which states that a maximum is 17 inches required for an individual in a wheelchair to use a urinal pursuant to ADAAG § 605.2.

   aa.  In the restroom, the door hardware (latches, handles) require tight grasping, pinching, or twisting of the wrist and cannot be opened with a closed fist or loose grip in violation of Federal Law 2010 ADAAG § 309.4 and 404.2.7.

**WOMEN'S RESTROOM**

   bb.  The restroom door clear wall space is 3 inches and less than 18

inches which is the minimum maneuver clearance on the pull side of the restroom door as required by Federal Law 2010 ADAAG § 404.2.4.

cc.     The standard stall of 60" × 60" does not exist, the existing stall width is 45 inches and does not provide the required clear floor spacing and turning space which is in violation of Federal Law 2010 ADAAG Sections §§§ 304.3; 305 and 304.3.

dd.     The rear grab wall only extends 17 inches and 19 inches from the centerline of the water closet and does not extend the minimum of 12 inches (305 mm) on one side and 24 inches (610 mm) on the other side which is in violation of Federal Law 2010 ADAAG §§ 604.5.2.

ee.     The side wall grab bar length is 36 inches and less than 42 inches (1065 mm) long which is the minimum as required by Federal Law 2010 ADAAG § 604.5.1.

ff.     The side wall grab bar only extends 39 inches from the rear wall and does not extend the minimum of 54 inches (1370 mm) minimum from the rear wall which is in violation of Federal Law 2010 ADAAG § 604.5.1.

gg.     The distance from the toilet centerline to the side wall is 20.5 inches where the distance shall be 16 inches (405 mm) minimum and 18 inches (455 mm) maximum from the side wall which violates Federal Law 2010 ADAAG § 604.2.

hh.     The bottom edge of the mirror's reflecting surface is 45 inches above the finished floor which is higher than the maximum allowed height of 40 inches to permit an individual in a wheelchair to use the mirror, which violates the Federal Law 2010 ADAAG § 603.3.

ii.     The lavatory sink does not have the clear floor or ground space, and the space underneath is blocked by trash bin and the knee and toe clearance is not provided as required by ADAAG §§ 305, 306.2.3.

jj.     The water closet or toilet does not have the flush control mounted on the open and wide side of the clear floor space, in violation of Federal Law 2010 ADAAG §§ 404.2.7, 604.2, 604.7.

kk.     In the restroom, the door hardware (latches, handles) require tight grasping, pinching, or twisting of the wrist and cannot be opened with a closed fist or loose grip in violation of Federal Law 2010 ADAAG § 309.4 and 404.2.7.

ll.     The hook is installed at 67 inches from the floor and higher than maximum reach of 48 inches from the finished floor which is in violation of Federal Law 2010 ADAAG   §§ 404.2.7 and 603.4.

10.     All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

11.     The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.   In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12.     Defendant has discriminated against the individual by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42

U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.   Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

14.     Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

17.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter DENNY'S to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.     An award of attorneys' fees, costs and litigation expenses pursuant to 42

U.S.C. § 12205.


d.     Such other relief as the Court deems just and proper, and/or is allowable

under Title III of the Americans with Disabilities Act.


Respectfully submitted,

Dated: September 29, 2016


s/Robert J. Vincze
Robert J. Vincze, Esq. (MO #37687)
Depew Gillen Rathbun & McInteer, LC
8301 East 21st Street North, Suite 450
Wichita, KS 67206-2936
316.262.4000
316.265.3819 - facsimile
robert@depewgillen.com

Lawrence A. Fuller, Esq., *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com

Counsel for Plaintiff Fred Nekouee